BEFORE THE FIRST DIVISION, JANUARY 4, 1955

No. 58655.—Asphalt Paving Products, Inc. v. United States, protest 200831–K (Detroit).

MOLLISON, Judge: The merchandise the subject of this protest consists of certain crushed stone imported from Canada on which duty was assessed at the rate of 1¼ cents per 100 pounds under the provision in paragraph 203 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, for "limestone * * * crushed." The protest claim is for duty at the rate of 7½ percent ad valorem under the provision in paragraph 214 of the same act, as modified by the Presidential proclamation relating to the Torquay Protocol to the said general agreement, reported in T. D. 52739, for—

Stone * * * crushed otherwise than merely for the purpose of facilitating shipment to the United States.

At the trial of the issue, it was stipulated by and between counsel for the parties (1) that the following is the analysis of the merchandise at bar:

| | |
|---|---|
| 79.47%___calcium carbonate | 11.32%___silica |
| 7.92____magnesium carbonate | 1.29____iron and alumina; |

(2) that the end usage of the merchandise at bar is confined to railroad ballast, road metal, and concrete aggregate; and (3) that it was crushed in the Canadian quarry for usage in road paving, surfacing parking lots, and for other needs where stone is used as a filling material, or for asphalt mix.

The president of the plaintiff corporation testified that it was engaged in the road-paving business, and in such business used a material known as crushed stone. The requirements of crushed stone for road paving, he said, were hardness, cleanliness, and size. The merchandise at bar was ordered and purchased as crushed stone for road-paving purposes. It was the witness' opinion that limestone was too soft to use for paving material, although he admitted that he did not know whether limestone is quarried which contains sufficient hardness to make it susceptible for use in road paving.

In the brief filed on behalf of the plaintiff, references are made to photostatic excerpts from a work entitled "Limestone and Its Products," although neither the author, publisher, nor date of publication is given. The work, which is referred to as in the nature of a textual authority, is apparently British in origin and refers to certain uses of limestone in metallurgy, paper manufacture, and pottery making, in which, it is indicated, limestone, having a silica content in excess of 5 percent, is unusable.

In the same excerpts, however, it is clearly indicated that limestone is used in building roads, in concrete, and as railroad ballast, and this is likewise indicated by the Summaries of Tariff Information, 1948, prepared by the United States Tariff Commission in response to a resolution of the Ways and Means Committee of the House of Representatives, cited and quoted in the brief filed on behalf of the defendant. In volume 2, part 1, at page 33 of the said summaries, the following is found:

The crude or crushed limestone covered by statistics in table 2 is used largely for rip rap, road-base metal, railroad ballast, and as a fluxing material in the metallurgical industries. * * *

It, therefore, appears that crushed limestone is generally known to be used for the purposes for which it was stipulated that the limestone at bar was crushed.

Funk & Wagnalls New Standard Dictionary, 1942, gives the following definition of the noun "limestone":

A rock composed wholly or in part of calcium carbonate.

The analysis of the merchandise shows it to consist of 79.47 percent of calcium carbonate, and it would, therefore, appear to be within the common meaning of the term "limestone," and apparently not excluded therefrom by reason of having been crushed.

On the record before us, we are constrained to overrule the protest claim, and judgment will issue accordingly.